MARK L. SHURTLEFF (USB 4666)
SHURTLEFF LAW FIRM, PC
P.O. Box 900873
Sandy, Utah 84090
(801) 441-9625
mark@shurtlefflawfirm.com
*Attorney for Plaintiffs*

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **MARK L. SHURTLEFF, M'LISS MARLER SHURTLEFF, THOMAS JAMES SHURTLEFF, and ADRIANNA CAROLINE SHURTLEFF**<br><br>          **Plaintiffs,**<br><br>**VS.**<br><br>**SIM GILL; SALT LAKE COUNTY, UTAH; OFFICE OF THE SALT LAKE COUNTY DISTRICT ATTORNEY; STATE OF UTAH; UTAH DEPARTMENT OF PUBLIC SAFETY; UTAH STATE BUREAU OF INVESTIGATION; AGENT SCOTT NESBITT; FEDERAL BUREAU OF INVESTIGATION (FBI); SALT LAKE CITY PUBLIC CORRUPTION TASK FORE; FBI SPECIAL AGENT MICHELLE PICKENS; FBI SPECIAL AGENT JON ISAKSON; and JOHN DOES 1-30,**<br><br>          **Defendants.** | **CIVIL RIGHTS COMPLAINT FOR DAMAGES**<br><br><br><br><br><br>**Case No.**<br><br>**Judge:** |

1

Plaintiffs Mark L. Shurtleff (hereafter "Mark"), M'Liss Marler Shurtleff (hereafter "M'Liss"), Thomas James Shurtleff (hereafter "Thomas"), and Adrianna Caroline Shurtleff (hereafter "Adrianna") hereby complain against Defendants as follows:

## JURISDICTION

1      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986,1988 and the Fourth, Fifth, Sixth, Ninth and Fourteenth Amendments to the United State Constitution, and the case of Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

2.      Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 and the previously mentioned statutory and constitutional provisions.

3.      Jurisdiction supporting Plaintiff's claim for attorney's fees is conferred by 42 U.S.C.§ 1988.

## VENUE

4.      This case is instituted in the United States Court for the District Of Utah pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred.

## PARTIES

5.      At all times relevant hereto, all Plaintiffs were resident of Salt Lake County and State of Utah.

6.      Salt Lake County District Attorney Sim Gill was acting at all times relevant hereto in his official capacity as the elected District Attorney of Salt Lake County, and in his individual capacity, under color of law; and was responsible for, and the chief architect of, the policies, practices and customs of the Office of Salt Lake County District Attorney; for the

2

hiring, screening, training, retention, supervision, discipline, counseling and control of the Deputy County Attorneys; was ultimately responsible for the execution and enforcement of the law within Salt Lake County; was himself outside the role of a prosecutor, the chief architect and direct personal leader of the investigation and prosecution of Plaintiff Mark Shurtleff for personal and political gain. Defendant Gill was directly involved in orchestrating the investigation, interviewing witnesses and ultimately in the authorization of and issuance of fraudulent and perjured search warrant affidavits; unreasonable and unlawful searches and seizures of Plaintiffs' real and personal property; unlawful assault and seizure of Plaintiff Thomas' and Adrianna's persons; the unlawful arrest, seizure and prosecution of Plaintiff Mark Shurtleff.

7.    Defendant Salt Lake County was at all times relevant hereto was a municipal entity created and authorized under the laws of the State of Utah.

8.    Defendant Office of the Salt Lake County District Attorney was, at all times relevant herein, a municipal agency of Salt Lake County and was charged with the responsibility of working in accordance with constitutional rights to execute and enforce the law within Salt Lake County.

9.    Defendant State of Utah is an appropriate defendant under 42 U.S.C. §1983, was at all times material to this Complaint the employer of Agent Scott Nesbitt.

10.    Defendant Utah Department of Public Safety {"DPS") is a department of the State of Utah charged with the responsibility of working in accordance with constitutional rights to execute and enforce the law within the State of Utah.

11.    Defendant Utah State Bureau of Investigations ("SBI") is a division of the Utah Department of Public Safety charged with investigating crime within the State of Utah.

12.     Defendant Agent Scott Nesbitt at all times relevant to the Complaint was acting under color of state and federal law as a sworn law enforcement officer in his official capacity, and in his individual capacity, as an agent assigned to SBI, co-director of the FBI SLCPCTC, and a special deputy United States Marshall. Nesbitt was directly involved as the primary drafter and the issuance of fraudulent and perjured search warrant affidavits; unreasonable and unlawful searches and seizures of Plaintiffs' real and personal property; unlawful assault and seizure of Plaintiff Thomas' and Adrianna's persons; the unlawful arrest, seizure and prosecution of Plaintiff Mark Shurtleff.

13.     Defendant United States of America is the appropriate defendant pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971) and was at all times material to this Complaint the employer of FBI Supervisory Special Agent Michelle Pickens, Special Agent Jon Isakson and Special Agents John Does

14.     Defendant Federal Bureau of Investigation ("FBI") is a federal agency of the United States with its headquarter office located in Washington D.C. with a branch office in Salt Lake County, Utah charged with the responsibility of working in accordance with constitutional rights to execute and enforce federal law within the State of Utah.

15.     Defendant FBI Salt Lake City Public Corruption Task Force ("SLCPCTF") was a joint operation created by a Memorandum of Understanding between the FBI and the Utah Department of Public Safety specificly for the investigation of Defendant Mark Shurtleff and other who's stated purpose was to "identify and target for prosecution of federal, state, county and local public officials or public entities; individuals associated with public officials or public entities; and individuals representing public officials or public entities who are committing or have committed violations of federal or state criminal statutes."

4

16.     Defendant Supervising Special Agents Michelle Pickens at all times relevant to the Complaint was acting under the color of federal law in her official capacity as special agent, and in her individual capacity, operating under the employ of the FBI and was the presumptive leader, along with Agent Scott Nesbitt, of the SLCPCTF. Pickens was directly involved in the issuance of fraudulent and perjured search warrant affidavits; unreasonable and unlawful searches and seizures of Plaintiffs' real and personal property; unlawful assault and seizure of Plaintiff Thomas' and Adrianna's persons; the unlawful arrest, seizure and prosecution of Plaintiff Mark Shurtleff

.17.     Special Agent Jon Isakson, at all times relevant to the Complaint was acting under the color of federal law in his official capacity a special agent, and in his individual capacity, operating under the employ of the FBI, and was assigned to the SLCPCTF. Isakson was directly involved in the issuance of fraudulent and perjured search warrant affidavits; unreasonable and unlawful searches and seizures of Plaintiffs' real and personal property; unlawful assault and seizure of Plaintiff Thomas' and Adrianna's persons; the unlawful arrest, seizure and prosecution of Plaintiff Mark Shurtleff.

18.     John Does 1- 30 are unidentified law enforcement officers, and prosecutors employed by office of the Salt Lake County District Attorney, State of Utah DPS, FBI and/or SLCPCTF under color of state or federal law in their official capacity as officers, and in their individual capacity, and directly involved in one or more of the following unlawful actions: the issuance of fraudulent and perjured search warrant affidavits; unreasonable and unlawful searches and seizures of Plaintiffs' real and personal property; unlawful assault and seizure of Plaintiff Thomas' and Adrianna's persons; the unlawful arrest, seizure and prosecution of Plaintiff Mark Shurtleff.

5

## STATEMENT OF FACTS

19.     Throughout late 2013 and early 2014, Defendants individually and collectinvely executed false, fraudulent and perjured search warrants to unlawfully seize personal property, texts, phone records and emails of Plaintiff Mark Shurtleff.

20.     On June 3, 2014, the Defendants were individually and collectively responsible for and involved in the execution of a false, fraudulent and perjured search warrant on Plaintiff's home located at 2020 Candle Spruce Cove, Sandy, Utah 84092.

21. Defendants had been surveilling Plaintiffs for several weeks prior to June 3rd and in conversation with prosecutors and defense attorneys they knew that Plaintiff Mark Shurtleff was not home but nevertheless entered the home with excessive force wearing body armor and wielding assault rifles and other automatic and semi-automatic weapons, and threatened, seized, searched, and physically, verbally and emotionally abused Plaintiffs Thomas and minor Adrianna Shurtleff.

20.     The search warrant and the execution thereof were unlawful, and the actions of the agencies and officers involved maliciously violated the civil rights of the Plaintiffs.

21.     On July 14, 2016, Plaintiff Mark Shurtleff was arrested on false charges, transported to jail, booked and processed, and maliciously prosecuted.

22.     On July 27, 2018, the Third District Court dismissed all charges against Plaintiff Mark Shurtleff.

23.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury.

## **CLAIMS FOR RELIEF**

## FIRST CLAIM FOR RELIEF

### On Behalf of Plaintiff Pursuant to the Supreme Court Ruling
### in *Bivens v. Six Unknown Agents*

175.   Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

176.   As a result of Defendants FBI, SLCPCTF, Special Agent Pickens, Isakson and FBI Jon Does' aforementioned conduct, Plaintiff Mark and M'Liss' real and personal property were subjected to unlawful and unreasonable search and seizure; Plaintiff Thomas' and Adrianna's unlawful and unreasonable search and seizure of their persons, imprisoned, and subjected to excessive force; and Plaintiff Mark's unlawful and unreasonable search and seizure of his person, imprisoned, and subjected to malicious prosecution; all in violation of said Plaintiffs' Constitutional rights under the Fourth Amendment. As a direct result of the said Defendants' actions and conduct, Plaintiffs were deprived of their rights, privileges and immunities under the Fourth Amendment of the United States Constitution, specifically the rights: to be secure in their persons, papers and effects against unreasonable search and seizure; not to be deprived of life, liberty, and property without due process of law; the right to not have excessive, wanton, or gratuitous force used without provocation in executing a search warrant and in effectuating an arrest.

177.   The United States Supreme Court in *Bivens v. Six Unknown Named Agents*, 403 388 (1971), ruled that an implied cause of action existed for a Plaintiff, like Plaintiffs herein, whose Fourth Amendment freedom from unreasonable search and seizures had been violated by federal agents and that the victim of such a deprivation could sue for the violation of the Amendment itself, despite the lack of any federal statute authorizing such a suit. The *Bivens* case has been subsequently interpreted to create a cause of action against the federal government similar to the one 42 U.S.C. § 1983 creates against the states. All of Plaintiffs' claims against Defendants FBI, SLCPCTF, Special Agent Pickens, Isakson and FBI Jon Does stem from unlawful violations of Plaintiffs Fourth Amendment rights, notably, the unlawful search and seizures of their persons and real and personal property, Mr. Shurtleff's false arrest and imprisonment, excessive force used against Thomas and Adrianna during the execution of the search warrant on their home; and the arrest, retaliation and conspiracy, and malicious prosecution of Mark Shurtleff.

178.   By reason of the intentional, malicious, and reckless acts of Defendants FBI, SLCPCTF, Special Agent Pickens, Isakson and FBI Jon Does, Plaintiffs were caused to experience psychological and physical pain and suffering, incur medical and legal expenses, lose future earnings, lose personal property, suffer irreparable damage to reputations and in other respects, were damaged.

## SECOND CLAIM FOR RELIEF

### Violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States

179.   Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

8

180.  42 U.S.C. §1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivations of any rights, privileges, or immunities secured by the constitution shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

181.  Plaintiffs in this action are citizens of the United States and all of the federal, state and local law enforcement and criminal justice Defendants to this Complaint are persons for purposes of 42 U.S.C. § 1983.

182.  Defendants Sim Gill, Agent Scott Nesbitt, and state officers John Does to this Complaint, at all times relevant hereto, were acting under the color of state law in their capacity as agents, officers, or employees of the State of Utah Department of Public Safety, State Bureau of Investigations, SLCPCTF, or the Office of the Salt Lake County District Attorney, and their acts or omissions were conducted within the scope of their official duties or employment.

183.  Defendants, under color of state law, subjected Plaintiff to the foregoing conspiracies, unlawful acts and omissions without due process of the law and violation of 42 U.S.C. § 1983, thereby depriving Plaintiffs of rights, privileges and immunities secured by the Constitution and laws, including, but not limited to, those rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights, privileges, and immunities:

a. Plaintiffs Thomas, Adrianna and Mark were denied their constitutional rights not to be deprived of their liberty without due process of the law;

b. Plaintiffs were denied their constitutional right to be free from the unlawful search and seizure of their persons and their real and personal property under the Fourth Amendment and in violation of their right to due process under the Fourteenth Amendment;

c. Plaintiff Mark was denied his constitutional right to be free from unlawful arrest without probable cause protected under the Fourth Amendment and in violation of his right to due process under the Fourteenth Amendment;

d. Plaintiff Mark was denied his constitutional right to be free from malicious prosecution protected under the Fourth Amendment and in violation of his right to due process under the Fourteenth Amendment; and

e. Plaintiffs Thomas and Adrianna were denied their constitutional right to be free from unprovoked excessive and unlawful use of force by law enforcement.

184.   Any reasonable law enforcement officer or criminal justice professional, including the state and local law enforcement and prosecutorial Defendants, knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

185.   To the extent any of these constitutional deprivations require a showing of specific intent and/or motive, the individual state and local law enforcement and prosecutorial Defendants acted intentionally, maliciously, and/or with reckless disregard for the natural and probable consequences of their actions.

186.   As a result of this violation, Plaintiffs suffered physical and emotional injuries, including but not limited to those associated with deprivation of liberty, severe emotional

distress and suffering, severe and permanent mental distress and turmoil, anxiety, depression, insomnia, embarrassment, and humiliation, and loss of income as is more fully detailed above.

187.   The state and local law enforcement Defendants' unlawful misconduct was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

188.   As a proximate result of Defendants' unlawful conduct, Plaintiffs have suffered actual physical and emotional injuries, and other damages and losses as described herein entitling them to compensatory and special damages. Plaintiffs are further entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

## THIRD CLAIM FOR RELIEF

### Violation of 42 U.S.C. § 1983-Excessive Force in violation of the Fourth and Fourteenth Amendments

189.   Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

190.   At the time of the complained of events, Plaintiffs Thomas and Adrianna Shurtleff had a clearly established constitutional right under the Fourth Amendment to be secure in their person from unreasonable seizure through excessive force.

191.   Plaintiffs Thomas and Adrianna also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

192.   Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

193.   The federal, state and local law enforcement Defendants' actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

194.   The federal, state and local law enforcement Defendants' actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiffs Thomas' and Adrianna's federally protected rights. The force used by these state and local law enforcement Defendants shocks the conscience and violated their Fourteenth Amendment rights.

195.   The federal, state and local law enforcement Defendants unlawfully seized the persons of Plaintiffs Thomas and Adrianna by means of objectively unreasonable, excessive, and conscious shocking physical, verbal and emotional force, thereby unreasonably restraining Plaintiffs of their freedom.

196.   The force used constituted deadly force in that it could have caused death and did cause serious mental and emotional injury.

197.   None of the federal, state and local law enforcement Defendants took reasonable steps to protect Plaintiffs from the objectively unreasonable and conscience shocking excessive force of other Defendant officers or from the excessive force of later responding officers despite being in a position to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

198.   The federal, state and local law enforcement Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiffs' federally protected constitutional rights.

199.   The federal, state and local law enforcement Defendants did so with shocking and willful indifference to Plaintiffs' rights and their conscious awareness that they would cause Plaintiffs severe mental and emotional injuries and potentially could have caused grave physical injury including death.

200.   The acts or omissions of all individual state, federal and local law enforcement Defendants' were moving forces behind Plaintiffs' injuries.

201.   These individual federal, state and local law enforcement Defendants acted in concert and joint action with each other.

202.   The acts or omissions of the federal, state and local law enforcement Defendants as described herein intentionally deprived Plaintiffs of their constitutional rights and caused them other damages.

203.   These individual federal, state and local law enforcement Defendants are not entitled to qualified immunity for the complained of conduct.

204.   The individual federal, state and local law enforcement Defendants to this claim, at all times relevant hereto, were acting pursuant to state and municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiffs.

205.   As a proximate result of individual federal, state and local law enforcement Defendants' unlawful conduct, Plaintiffs have suffered actual physical and emotional injuries, and other damages and losses as described herein entitling them to compensatory and special damages, in amounts to be determined at trial. As a further result of the individual federal, state and local law enforcement Defendants' unlawful conduct, Plaintiffs have incurred special damages, including medically related expenses and may continue to

incur further medically and other special damages related expenses and may continue to incur further medical and other special damages related expenses, in amounts to be established at trial.

206.   On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities in amounts to be ascertained in trial. Plaintiffs are further entitled to attorney's fees and costs pursuant to 42 U.S.C. § 1983, prejudgment interest and costs as allowed by federal law. There may also be special damages for lien interests.

207.   In addition to compensatory, economic, consequential and special damage, Plaintiffs are entitled to punitive damages against each of the individually named individually federal, state and local law enforcement Defendants under 4 U.S.C. § 1983, in that the actions of each of these individual federal, state and local law enforcement Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiffs.

## FIFTH CLAIM FOR RELIEF

### 42 U.S.C. § 1983-Malicious Prosecution in violation of the Fourth and Fourteenth Amendments

208.   Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

209.   At the time of the complained of events, Plaintiff Mark Shurtleff had the clearly established constitutional right to be free from malicious prosecution without probable cause under the Fourth Amendment and in violation of due process under the Fourteenth Amendment.

210.   Any reasonable police officer, attorney and prosecutorial professtional, including the Defendants in this case, knew or should have known of these rights at the time of the

complained of conduct as they were clearly established at that time.

211.   The individual federal, state and local law enforcement and criminal justice Defendants violated Plaintiff Mark's Fourth and Fourteenth Amendment rights to be free from malicious prosecution without probable cause and without due process when they worked in concert to secure an arrest warrant based on false, fraudulent and perjured search and arrest warrant affidavits, newspaper and other media stories, personal political aspirations of Defendant Sim Gill, furtherance of the retaliatory intent of political opponents and individuals prosecuted and convicted by Mark while Utah Attorney General, to ecure false charges against him, resulting in his unlawful arrest, confinement and prosecution.

212.   The Defendants, led by Sim Gill, conspired and/or acted in concert to institute, prosecute and continue criminal proceedings against Plaintiff Mark without probable cause.

213.   At the time of the complained of events, Plaintiff Mark had the clearly established constitutional right to be free from malicious prosecution without probable cause under the Fourth Amendment and in violation of due process under the Fourteenth Amendment.

214.   Any reasonable police officer or prosecutor knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

215.   Individual federal, state and local law enforcement Defendants violated Plaintiff Mark's Fourth and Fourteenth Amendment rights to be free from malicious prosecution without probable cause and without due process when they worked in concert to secure false charges against him, resulting in his unlawful confinement and prosecution.

216.   Individual federal, state and local law enforcement Defendants violated Plaintiff

15

Mark's Fourth and Fourteenth Amendment rights to be free from malicious prosecution without probable cause and without due process when they worked in concert to secure false charges against him, resulting in his unlawful confinement and prosecution.

217.   Individual federal, state and local law enforcement Defendants conspired and/or acted in concert to institute, procure and continue a criminal proceeding for falsely alleged felonious crimes involving "public corruption" against Plaintiff Mark without probable cause.

218.   The procurement of the prosecution against Plaintiff Mark for the, known to be false, allegations were malicious, shocking, and objectively unreasonably in light of the circumstances.

219.   The criminal proceedings against Plaintiff Mark terminated in his favor by another prosecutor, Special Assistant Utah Attorney General Troy Rawlings upon close examination of the allegations in light of the evidence and the unlawful, fraudulent conduct of Defendant law enforcement officers under the guidance, leadership and direction of Defendant Sim Gill and Salt Lake County DA John Does.

220.   On November 13, 2014, the District Attorney's Office dismissed all charges for which Plaintiff had been arrested, indicted and prosecuted on: robbery and assault on an officer on May 14, 2014 and robbery on September 5, 2014.

221.   On July 18, 2016, Davis County District Attorney Troy Rawlings, acting in his special capacity as Special Assistant Utah Attorney General, filed a motion to dismiss all charges for which Plaintiff Mark was arrested, charge and prosecuted. On July 27, 2018 the Utah Third Judicial District Court dismissed all criminal charges against Defendant Mark Shurtleff.

222.   The acts and omissions of all individual Defendants were moving forces

16

behind Plaintiff Mark's damages.

223.   These individual federal, state and local law enforcement Defendants acted in concert and joint action with each other.

224.   The acts or omissions of the federal, state and local law enforcement Defendants as described herein intentionally deprived Plaintiff Mark of his constitutional and statutory rights and caused him other damages.

225.   The federal, state and local law enforcement Defendants are not entitled to absolute or qualified immunity for the complained of conduct.

226.   The Defendants to this claim at all times relevant hereto were acting pursuant to state/municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in its actions pertaining to Plaintiff Mark.

227.   As a proximate result of the federal, state and local law enforcement Defendants' unlawful conduct, Plaintiff Mark has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. Plaintiff is further entitled to attorney's fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

## EIGHTH CLAIM FOR RELIEF

**Violation of 42 U.S.C. §1983 - Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth and Fourteenth Amendments and in violation of 42 U.S.C.§1981 *Monell* Claim Against the Utah State and Salt Lake County Defendants**

280.    Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

281.    Plaintiffs had the following clearly established rights at the time of the complained conduct:

     a.   the right to be free from unlawful search, seizure and arrest not based on probable cause;

     b.   the right to be secure in their person from unreasonable search, seizure and excessive force, under the Fourth Amendment;

     c.   the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment;

     d.   the right to be free from malicious prosecution under the Fourth and Fourteenth Amendments.

282.    Federal, State and Salt Lake County Defendants had in effect, both before and at the time of the events alleged in this complaint, several interrelated *de facto* policies, practices and customs, including, *inter alia*:

     a.   a policy, practice and custom of use of excessive force against suspects;

     b.   a policy, practice and custom of failing to properly train or supervise officers in the proper techniques of apprehending and arresting suspects;

     c.   a policy, practice and custom of using false or fabricated evidence in arrest and search warrant affidavits;

     d.   a policy, practice and custom of not following proper identification proceedings and using tainted identifications in effectuating the arrest and prosecution of innocent suspects;

     e.   a policy, practice and custom of failing to properly discipline officers who violate the United States Constitution or law, or otherwise

transgress the rights of criminal suspects during their investigation; and

f.  a policy, practice and custom of immediate public vilification of persons accused of "high-profile" crimes with concomitant refusal to consider evidence inconsistent with that portrayal.

283.  These interrelated policies, practices and customs, separately and/or together, were implemented with deliberate indifference, and were a direct and proximate cause of Plaintiffs 'Constitutional violations and injuries, as set forth above.

284.  These interrelated policies, practices and customs, separately and/or together, were the direct and proximate cause of the injury and damage to Plaintiffs and violated their rights guaranteed by the United States Constitution.

285.  The existence of these interrelated policies, practices and customs can be inferred from numerous incidents reflecting a pattern of police and prosecutorial misconduct like that alleged herein.

286.  The existence of these interrelated policies, practices and customs can be inferred from the fact that the incidents of police and prosecutor misconduct alleged herein were authorized by individuals with policymaking authority in the Federal, State and Salt Lake County law enforcement and criminal justice agencies.

287.  Defendants are not entitled to absolute or qualified immunity for the complained of conduct.

288.  Federal, State and Salt Lake County Defendants were, at all times relevant, policymakers and in that capacity established policies, procedures, customs, and/or practices for these law enforcement and criminal justice agencies.

289.  Federal, State and Salt Lake County Defendants have created and tolerated an

19

atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiffs and of the public.

290.  In light of the duties and responsibilities of law enforcement officers and prosecutors that participate in preparation and approval of search warrants, arrests and preparation of police reports and criminal informations on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

291.  The deliberate indifference to training and supervision by Federal, State and Salt Lake County Defendants resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to said Defendants and was the moving forces in the constitutional and federal violations complained of by Plaintiffs.

292.  As a direct result of Defendants' unlawful conduct, Plaintiffs have suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages. Plaintiffs are further entitled to attorney's fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

**PRAYER FOR RELIEF**

Plaintiffs pray that this Court enter judgment for the Plaintiffs and against each of the Defendants and grants:

A.      Compensatory and punitive damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount of $60,000,000.00 for such greater amount as may be set by a jury;

B.      Economic losses on all claims allowed by law;

C.      Special damages;

D.      Attorneys' fees and the costs associated with this action under 42 U.S.C. §1988, including expert witness fees, on all claims allowed by law;

E.      Pre- and post-judgment interest at the lawful rate; and

F.      Any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

Dated this 5th Day of June 2018.

                                        /s/Mark L. Shurtleff_____
                                        Mark L. Shurtleff
                                        Attorney for Plaintiffs