KYLE J. KAISER (13924)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: kkaiser@agutah.gov

*Attorneys for State Defendants*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARK L. SHURTLEFF, an individual; M'LISS MARLER SHURTLEFF, an individual; THOMAS JAMES SHURTLEFF, an individual; and ADRIANA CARLINE SHURLEFF, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> SALT LAKE COUNTY DISTRICT ATTORNEY SIM GILL, individually and in his official capacity as Salt Lake County District Attorney; SALT LAKE COUNTY; OFFICE OF SALT LAKE COUNTY DISTRICT ATTORNEY; | **STATE OF UTAH, UTAH DEPARTMENT OF PUBLIC SAFETY, AND UTAH STATE BUREAU OF INVESTIGATION'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT** <br><br> Case No. 2:18-cv-00445-EJF <br><br> Judge: Evelyn J. Furse |

| | |
|---|---|
| STATE OF UTAH DEPARTMENT OF PUBLIC SAFETY; UTAH STATE BUREAU OF INVESTIGATION; AGENT SCOTT NESBITT, an individual; UNITED STATES OF AMERICA; FEDERAL BUREAU OF INVESTIGATION (FBI); SALT LAKE PUBLIC CORRUPTION TASK FORCE; FBI SPECIAL AGENT MICHELLE PICKENS, an individual; FBI SPECIAL AGENT JON ISAKSON, an individual; and JOHN DOES 1-30,<br><br>                    Defendants. | |

## MOTION

Defendants State of Utah, Utah Department of Public Safety, and Utah State Bureau of Investigation (the "State Defendants"), by and through counsel, Kyle J. Kaiser, Assistant Utah Attorney General, and pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), move to dismiss Plaintiffs' First Amended Complaint (doc. 4). The basis of this motion is that Plaintiffs' claims for damages pursuant to 42 U.S.C. § 1983 are barred because Defendants are not "persons" within the meaning of 42 U.S.C. § 1983.

For these reasons, more fully described in the attached Memorandum of Law, Defendants' State of Utah, Utah Department of Public Safety, and Utah

2

Bureau of Investigation request that the case against them be dismissed with prejudice.[1]

## INTRODUCTION

This Court should dismiss all causes of action against the State Defendants. Plaintiffs' Second, Third, Fourth, and Fifth Causes of Action assert § 1983 claims pursuant to the Fourth and Fourteenth Amendments of the U.S. Constitution against the state defendants. Plaintiffs seek compensatory damages, economic losses, attorney fees, punitive damages, and interest.

These claims must be dismissed with prejudice under Rule 12(b)(1) and 12(b)(6) because the state defendants are not "persons" under the meaning of § 1983 and therefore, Plaintiffs cannot assert any set of facts that would entitle them to relief against the state defendants.

## FACTUAL BACKGROUND

The following facts taken from Plaintiffs' Complaint, or facts that may be judicially noticed, are treated as true for the purposes of this motion only:

---

[1] Despite the Parties' attempt to coordinate response times to Plaintiffs' Amended Complaint, the State Defendants' response deadline ended up set one month earlier than other Defendants' deadlines.  *Compare* Ord. (doc. 28) *with* Ord. (doc. 29). The State Defendants will not oppose any extension of time requested by Plaintiffs to align the response time for this motion to any other response filed by any other Defendant.

1. Sometime as early as 2012 an investigation began related to Plaintiff Mark Shurtleff's improper conduct during his tenure as Attorney General. (Am. Compl. ¶ 19.)

2. After investigation, the U.S. Department of Justice declined to prosecute Plaintiff Mark Shurtleff. (Am. Compl. ¶¶ 44–45.)

3. State and county officials continued the investigation, and a combined search warrant was executed on Plaintiff's home by search teams which included state and federal officers. (Am. Compl. ¶ 75.)

4. Plaintiff Shurtleff was eventually arrested and charged with ten criminal counts. (Am. Compl. ¶¶ 40, 107.)  The case was subsequently dismissed by order of the court.  (Am. Compl. ¶ 54.)

5. On June 6, 2018, Plaintiffs filed this Complaint alleging that their civil rights were violated through the investigation, searches, and arrest. They amended the complaint on July 27.  (*See generally* Compl. (doc. 2); Am. Compl. (doc. 4))

6.  Plaintiffs are seeking compensatory damages in the amount of $60 million, economic damages in the amount of $20 million, attorneys' fees, punitive damages, and interest. (Am. Compl., Prayer, at 72–73.)

## LEGAL STANDARD

State Defendants move to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 12(b)(1) permits dismissal of cases for "lack of subject-matter jurisdiction." When a motion made pursuant to this rule is a "facial" attack on the claims as pleaded, as it is in this case, the motion is reviewed applying the same standards as one made pursuant to Rule 12(b)(6). *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

In reviewing a 12(b)(6) motion to dismiss, the court assumes the truth of well-pleaded facts and draws reasonable inference in a light most favorable to the plaintiff. *E.g.*, *Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011). But a claim survives only if "there is plausibility in the complaint." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Threadbare recitals of elements, facts "merely consistent" with liability, "labels and conclusions," or "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are insufficient. *Iqbal*, 556 U.S. at 678; *Leverington*, 643 F.3d at

723 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Gee v. Pacheco*, 627 F.3d 1178, 1184–85 (10th Cir. 2010) (citations and quotations omitted); *Hall*, 584 F.3d at 863 (citations and quotations omitted).

State Defendants move to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 12(b)(1) permits dismissal of cases for "lack of subject-matter jurisdiction." When a motion made pursuant to this rule is a "facial" attack on the claims as pleaded, as it is in this case, the motion is reviewed applying the same standards as one made pursuant to Rule 12(b)(6). *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

In reviewing a 12(b)(6) motion to dismiss, the court assumes the truth of well-pleaded facts and draws reasonable inference in a light most favorable to the plaintiff. *E.g.*, *Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011). But a claim survives only if "there is plausibility in the complaint." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Threadbare recitals of elements, facts "merely consistent" with liability, "labels and conclusions," or "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are insufficient. *Iqbal*, 556 U.S. at 678; *Leverington*, 643 F.3d at 723 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Gee v. Pacheco*, 627 F.3d 1178, 1184–85 (10th Cir. 2010) (citations and quotations omitted); *Hall*, 584 F.3d at 863 (citations and quotations omitted).

## LEGAL ARGUMENT

Plaintiffs' case should be dismissed against the State of Utah, Utah Department of Public Safety, and the Utah Bureau of Investigation. Section 1983 claims against the State of Utah are barred because defendants are not "persons" under the meaning of § 1983 and Plaintiffs cannot recover against them under this theory. For this reason, all claims against state defendants should be dismissed with prejudice.

**I.   Defendants State of Utah, Utah Department of Public Safety, and Utah Bureau of Investigation are not "Persons" within the Meaning of § 1983.**

Section 1983 is the statutory vehicle for suing state actors for alleged violations of the Constitution or of federal laws. *Jojola v. Chavez*, 55 F.3d 488, 492

(10th Cir. 1995). It provides the exclusive available remedy for violation of federal constitutional rights. *Id.*

Section 1983 provides a remedy at law against any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects … any citizen of the United States … to the deprivation of any rights … secured by the Constitution." 42 U.S.C. § 1983. In order to be subject to suit under § 1983, an entity must be a "person" as that term has been defined by the courts. *Ambus v. Utah State Bd. of Educ.*, 858 P.2d 1372, 1376 (Utah 1993) (citing *Will*, 491 U.S. at 71).

The U.S. Supreme Court has interpreted "persons" in § 1983 to exclude states.[2] *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 72-74 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* at 71. Governmental entities that are considered arms of the State for Eleventh Amendment purposes are also not "persons" under § 1983. *Id.* at 70. "Accordingly, the State of Utah is not an appropriate party in a lawsuit brought under 42 U.S.C. § 1983, and the claims against it are not viable." *Goodsell v. Utah,*

---

[2] This statutory interpretation of § 1983 avoids the question of Eleventh Amendment immunity. However, courts have stated that § 1983 was not intended to abrogate Eleventh Amendment immunity. *See Will*, 491 U.S. at 66.

No. 2:06CV371 DB, 2006 WL 1720713, at * 1 (D. Utah, June 12, 2006) (ord. not selected for publication).

Because none of the State Defendants are "persons" for § 1983 purposes, the case must be dismissed. The State is not a "person." *Will*, 491 U.S. at 71. The Utah Department of Public Safety qualifies as an arm of the state for Eleventh Amendment purposes and is thus not subject to suit under § 1983. *See* Utah Code Ann. § 53-1-103; *V-1 Oil Co. v. Utah State Dep't of Pub. Safety*, 131 F.3d 1415, 1428 n.1 (10th Cir. 1997). And the Utah Bureau of Investigation, a division of the Utah Department of Public Safety, is also created by the Utah Public Safety Code and is immunized from § 1983 liability. Utah Code Ann. § 53-10-301; *V-1 Oil Co.*, 131 F.3d at 1428 n.1.

## CONCLUSION

Because Defendants State of Utah, Utah Department of Public Safety, and Utah Bureau of Investigation are not "persons" within the meaning of § 1983, Plaintiffs have failed to state an actionable claim against them. Therefore, Plaintiffs claims against these Defendants must be dismissed with prejudice.

DATED:  October 23, 2018

        OFFICE OF THE UTAH ATTORNEY GENERAL

    /s/ Kyle J. Kaiser
    KYLE J. KAISER
    Assistant Utah Attorney General
    *Attorney for State Defendants*