# FEDERAL BUREAU OF INVESTIGATION
## SALT LAKE CITY PUBLIC CORRUPTION TASK FORCE
## MEMORANDUM OF UNDERSTANDING (MOU)

### 1) PARTIES

This Memorandum of Understanding (MOU) is entered into by and between the Federal Bureau of Investigation (FBI); and the Utah Department of Public Safety, Special Bureau of Investigations. Nothing in this MOU should be construed as limiting or impeding the basic spirit of cooperation which exists between these agencies.

### 2) AUTHORITIES

Authority for the FBI to enter into this agreement can be found at Title 28 U.S.C. Section (§) 533; 28 Code of Federal Regulations (C.F.R.) § 0.85 and applicable United States Attorney General Guidelines.

### 3) PURPOSE

The purpose of this MOU is to delineate the responsibilities of Salt Lake City PCTF participants, maximize inter-agency cooperation, and formalize relationships between the participating agencies for policy guidance, planning, training, public and media relations. This MOU is not intended, and should not be construed, to create any right or benefit, substantive or procedural, enforceable at law, or otherwise, by any third party against the parties, the United States, or the officers, employees, agents, or other associated personnel thereof.

### 4) MISSION

The mission of the SLCPCTF is to identify and target for prosecution of federal, state, county and local public officials or public entities; individuals associated with public officials or public entities; and individuals representing public officials or public entities who are committing or have committed violations of federal or state criminal statutes.

### 5) SUPERVISION AND CONTROL

#### A. Supervision

Overall supervision of the personnel on the SLCPCTF shall be the shared responsibility of the participants.

1
FOR OFFICIAL USE ONLY

This document is the property of the FBI and is loaned to your agency.

Neither it nor its contents may be released without authorization by FBI Headquarters.

The Special Agent in Charge (SAC) of the Salt Lake City Division shall designate one Supervisory Special Agent (SSA) to have direct and daily responsibility for all personnel and investigative matters pertaining to the SLCPCTF.

Responsibility for conduct, not under the direction of the SAC or SSA, of each SLCPCTF member, both personally and professionally, shall remain with the respective agency head and each agency shall be responsible for the actions of their respective employees.

Each agency member who is a SLCPCTF member will be subject to the personnel rules, regulations, laws, and policies applicable to those of their respective agencies. FBI participants will continue to adhere to the Bureau's ethical standards and will remain subject to the Supplemental Standards of Ethical Conduct for employees of the Department of Justice.

Each SLCPCTF member will continue to report to his or her respective agency head for non-investigative administrative matters not detailed in this MOU.

Subject to other provisions in this document, continued membership on the SLCPCTF will be based on performance and will be at the discretion of each member's respective supervisor.

### B. Case Assignments

The FBI SSA with designated oversight for investigative and personnel matters will be responsible for opening, monitoring, directing, and closing SLCPCTF investigations in accordance with existing FBI policy and the applicable United States Attorney General's Guidelines.

Assignments of cases to personnel will be based on, but not limited to, experience, training and performance, in addition to the discretion of the SSA with designated oversight for investigative and personnel matters.

For FBI administrative purposes, SLCPCTF cases will be entered into the relevant FBI computer system.

SLCPCTF members will have equal responsibility for each case assigned. SLCPCTF personnel will be totally responsible for the complete investigation from predication to resolution.

### C. Resource Control

FOR OFFICIAL USE ONLY

This document is the property of the FBI and is loaned to your agency.

Neither it nor its contents may be released without authorization by FBI Headquarters.

Specific control of SLCPCTF resources, including personnel, and the continual dedication of SLCPCTF resources shall be retained by the participating agency heads, who will be kept fully apprised of all investigative developments by their respective subordinates.

### D. Space

The SLCPCTF will be housed at the FBI's Salt Lake City Field Office, located at 5425 W. Amelia Earhart, Salt Lake City, Utah 84116. Investigative members of the SLCPCTF will report to the designated space at the Salt Lake City Field Office or other designated locations to conduct logical investigations under the oversight of the SLCPCTF to discuss progress in their investigative efforts. This requirement is essential to the success of this task force and to help maintain confidentiality of sensitive investigations.

## 6) OPERATIONS

### A. Investigative Exclusivity

It is agreed that matters designated to be handled by the SLCPCTF will not knowingly be subject to non-PCTF law enforcement efforts by any of the participating agencies. It is incumbent on each agency to make proper internal notification regarding the PCTF's existence and areas of concern.

It is agreed that there is to be no unilateral action taken on the part of the FBI or participating agencies relating to SLCPCTF investigations or areas of concern. All law enforcement actions will be coordinated and cooperatively carried out.

### B. Informants

The disclosure of FBI informants to non-PCTF members will be limited to those situations where it is essential to the effective performance of the SLCPCTF. These disclosures will be consistent with applicable FBI guidelines.

Non-FBI SLCPCTF members may not make any further disclosure of the identity of an FBI informant, including to other members of the SLCPCTF. No documents which identify, tend to identify, or may indirectly identify an FBI informant may be released without prior FBI approval.

3
FOR OFFICIAL USE ONLY

This document is the property of the FBI and is loaned to your agency.

Neither it nor its contents may be released without authorization by FBI Headquarters.

In those instances where a participating agency provides an informant, the FBI may, at the discretion of the SAC, become solely responsible for the informant's continued development, operation, and for compliance with necessary administrative procedures regarding operation and payment as set forth by the FBI.

The United States Attorney General's Guidelines, and FBI policy and procedure for operating FBI informants and cooperating witnesses (CWs), shall apply to all FBI informants and CWs opened, and operated in furtherance of SLCPCTF investigations. Documentation of, and any payments made to, FBI informants and CWs shall be in accordance with FBI policy and procedure.

Operation, documentation, and payment of solely state, county, or local informants and CWs opened and operated by Non-FBI SLCPCTF members in furtherance of SLCPCTF investigations must be in accordance with the United States Attorney General's Guidelines. Documentation of state, county, or local informants and CWs opened and operated in furtherance of SLCPCTF investigations shall be maintained at an agreed to location.

### C. Reports and Records

All investigative reporting will be prepared in compliance with existing FBI policy. Subject to pertinent legal and/or policy restrictions, copies of pertinent documents created by each member of the SLCPCTF will be made available for inclusion in the respective investigative agencies files as appropriate.

SLCPCTF reports prepared in cases assigned to state, county and local participants will be maintained at a FBI approved location; original documents will be maintained by the FBI.

Records and reports generated in SLCPCTF cases which are opened and assigned by the FBI SSA with designated oversight for investigative and personnel matters will be maintained in the FBI investigative file for SLCPCTF.

SLCPCTF investigative records maintained at the Salt Lake City office of the FBI will be available to all SLCPCTF members, as well as their supervisory and command staff subject to pertinent legal, administrative and /or policy restrictions.

FOR OFFICIAL USE ONLY

This document is the property of the FBI and is loaned to your agency.

Neither it nor its contents may be released without authorization by FBI Headquarters.

All evidence and original tape recordings (audio and video) acquired during the course of the SLCPCTF investigations will be maintained by the FBI. The FBI's rules and policies governing the submission, retrieval and chain of custody will be adhered to by SLCPCTF personnel.

ALL SLCPCTF investigative records will be maintained at an approved FBI location.

Placement of all or part of said information into participating agency files rests with the discretion of supervisory personnel of the concerned agencies.

Classified information and/or documents containing information that identifies or tends to identify an FBI informant shall not be placed in the files of participating agencies unless appropriate FBI policy has been satisfied.

7) **INFORMATION SHARING**

No information possessed by the FBI, to include information derived from informal communications by the Assignee with personnel of the FBI, may be disseminated by the Assignee to non SLCPCTF personnel without the permission of the Assignee's designated FBI SLCPCTF Supervisor and in accordance with the applicable laws and internal regulations, procedures or agreements between the FBI and the Participating Agencies that would permit the Participating Agencies to receive that information directly. Likewise, the Assignee will not provide any Participating Agency information to the FBI that is not otherwise available to it unless authorized by appropriate Participating Agency officials.

The Parties acknowledge that the information involved in this MOU may identify U.S. persons, whose information is protected by the Privacy Act of 1974 and/or Executive Order 12,333 (or any successor executive order). All such information will be handled lawfully pursuant to the provisions thereof.

The Parties agree to review and make appropriate changes, if any, to their privacy compliance documents, including applicable Privacy Act system of records notices and notices required by the Privacy Act (5 U.S.C. 552a(e)(3)), in advance of the implementation of this MOU to ensure that the scope and routine uses of such notices permit the collection, maintenance, and sharing of personal information as set forth in this MOU.


5
FOR OFFICIAL USE ONLY

This document is the property of the FBI and is loaned to your agency.

Neither it nor its contents may be released without authorization by FBI Headquarters.

Before using personally identifiable information (PII) shared pursuant to this MOU, the recipient agency will make reasonable efforts to ensure that the information is accurate, timely, relevant and complete.

The FBI is providing access to information from its records with the understanding that in the event the recipient becomes aware of any inaccuracies in the data, the recipient will promptly notify the FBI so that corrective action can be taken. Similarly, if the FBI becomes aware that information it has received pursuant to this MOU is inaccurate, it will notify the contributing Party so that corrective action can be taken.

Section (c) of the Privacy Act, 5 U.S.C. 552a(c), requires that an agency maintain the ability to provide an accounting for covered disclosures made outside the disclosing agency. The accounting must include the date, nature, and purpose of each disclosure and the name and address of the person or agency to which the disclosure is made. The accounting must be maintained for five years after the disclosure for which the accounting is required or for the life of the record, whichever is longer. To the extent that this provision of the Privacy Act is applicable to disclosures of PII made under the MOU, each Party will be responsible for compliance.

Each Party will immediately report to the other Party each instance in which data received from the other Party is used, disclosed, or accessed in an unauthorized manner (including any data losses or breaches).

8) **PROSECUTIONS**

SLCPCTF investigative procedure is to conform to the requirements for Federal Prosecution.

A determination will be made on a case-by-case basis whether the prosecution of SLCPCTF cases will be at the State or Federal level. This determination will be based on the evidence obtained and a consideration of which level of prosecution would be of the greatest benefit to the overall objectives of the SLCPCTF.

In the event that a state or local matter is developed that is outside the jurisdiction of the FBI or it is decided to prosecute a SLCPCTF case at the state or local level, the FBI agrees to provide all relevant information to state and local authorities.

Whether to continue and/or conduct additional investigation of the state or local crimes involved will be at the sole discretion of the respective state and local authorities.

A. **Investigative Methods/Evidence**

6
FOR OFFICIAL USE ONLY

This document is the property of the FBI and is loaned to your agency.

Neither it nor its contents may be released without authorization by FBI Headquarters.

For cases assigned to an FBI Special Agent or in which FBI informants or cooperating witnesses are utilized, the parties agree to conform to federal standards concerning evidence collection, processing, storage, and electronic surveillance.

In all cases assigned to state, county, or local law enforcement participants, the parties agree to utilize federal standards pertaining to evidence handling and electronic surveillance activities to the greatest extent possible. However, in situations where the statutory or common law of the state is more restrictive than the comparable federal law, the investigative methods employed by state and local law enforcement agencies shall conform to the requirements of such statutory or common law pending a decision as to venue for prosecution.

The use of other investigative methods (search warrants, interceptions of oral communications, etc.) and reporting procedures in connection therewith will be consistent with the policy and procedures of the FBI.

### B. Undercover Operations

All SLCPCTF undercover operations will be conducted and reviewed in accordance with FBI guidelines and the Attorney General's Guidelines on Federal Bureau of Investigation Undercover Operations. All participating agencies may be requested to enter into an additional Memorandum of Understanding (MOU) if a member of the participating agency is assigned duties which require the officer to act in an undercover capacity.

### 9) DEADLY FORCE AND SHOOTING INCIDENT POLICIES

Members of the SLCPCTF will follow their own agency's policy concerning firearms discharge and use of deadly force.

### 10) DEPUTATIONS

Local and state law enforcement personnel designated to the SLCPCTF, subject to a limited background inquiry, may be sworn as federally deputized Special Deputy United States Marshals, with the FBI securing the required deputation authorization. These deputations should remain in effect throughout the tenure of each investigator's assignment to the SLCPCTF or until the termination of the SLCPCTF, whichever comes first.

Administrative and personnel policies imposed by the participating agencies will not be voided by deputation of their respective personnel.

FOR OFFICIAL USE ONLY

This document is the property of the FBI and is loaned to your agency.

Neither it nor its contents may be released without authorization by FBI Headquarters.

## 11) VEHICLES

The FBI may authorize members of the SLCPCTF to use vehicles owned or leased by the FBI when necessary in connection with SLC PCTF surveillance, case management and investigations, and if available.

When authorized, participating agency personnel using FBI vehicles agree to operate the vehicles in accordance with all applicable FBI rules and regulations as outlined in the FBI Manual of Administrative Operations and Procedures (MAOP), Part I Section 3.1.

FBI vehicles, including Government-owned, rented, and leased vehicles, are to be used for official business only.

The participating agencies agree that FBI vehicles will not be used to transport passengers unrelated to SLCPCTF business.

The responsibility for all other liability attributed to the participating agencies resulting from the use of SLCPCTF vehicles by their employees, confidential informants, or by cooperating witnesses rests with the individual participating agency.

The participating agencies agree to be responsible for any damage incurred to SLCPCTF vehicles caused by any act or omission on the part of their respective employees and participating agencies agree to assume financial responsibility for property damage to said vehicles.

A separate vehicle use agreement will be executed by the SLCPCTF member.

## 12) SALARY/OVERTIME COMPENSATION

The overtime of SLCPCTF members may be paid by the FBI in accordance with a separate Contract Reimbursement Agreement.

## 13) PROPERTY AND EQUIPMENT

Property utilized by the SLCPCTF in connection with authorized investigations and/or operations and is the custody and control and used at the direction of the SLCPCTF, will be maintained in accordance with the policies and procedures of the agency supplying the equipment.

FOR OFFICIAL USE ONLY

This document is the property of the FBI and is loaned to your agency.

Neither it nor its contents may be released without authorization by FBI Headquarters.

## 14) FUNDING

This MOU is not an obligation or commitment of funds, nor a basis for transfer of funds, but rather is a basic statement of the understanding between the parties hereto of the tasks and methods for performing the tasks described herein. Unless otherwise agreed in writing, each party shall bear its own costs in relation to this MOU. Expenditures by each party will be subject to its budgetary processes and to the availability of funds and resources pursuant to applicable laws, regulations, and policies. The parties expressly acknowledge that the above language in no way implies that Congress will appropriate funds for such expenditures.

## 15) FORFEITURES

The FBI shall be responsible for the processing of assets seized for federal forfeiture in conjunctions with SLCPCTF operations.

Asset forfeitures will be conducted in accordance with Federal law, and the rules and regulations set for forth by the FBI and Department of Justice (DOJ). Forfeitures attributable to SLCPCTF investigations may be distributed among the agencies participating in the SLCPCTF.

## 16) DISPUTE RESOLUTION

In cases of overlapping jurisdiction, the participating agencies agree to work in concert to achieve the SLCPCTF's objectives.

The parties agree to attempt to resolve any disputes regarding jurisdiction, case assignments, workload, etc., at the field level first before referring the matter to supervisory personnel for resolution.

## 17) MEDIA RELEASES

All media releases and statements will be mutually agreed upon and jointly handled according to FBI and participating agency guidelines.

Press releases will conform to DOJ Guidelines regarding press releases. No release will be issued without FBI final approval.

## 18) SECURITY CLEARANCES

Thirty days prior to being assigned to the SLCPCTF, each candidate will be required to furnish pages 1, 2, 3, 9 (certification only), and 10 of the Questionnaire for Sensitive Positions" (SF-86). Sometime thereafter, a representative from the FBI will conduct an interview of each candidate.

9
FOR OFFICIAL USE ONLY

This document is the property of the FBI and is loaned to your agency.

Neither it nor its contents may be released without authorization by FBI Headquarters.

If, for any reason, a candidate is not selected, the participating agency will be so advised and a request will be made for another candidate.

Upon being selected, each candidate will receive a comprehensive briefing on FBI field office security policy and procedures.

During the briefing, each candidate will execute a non-disclosure agreement (SF-312) and FD-868, as may be necessary or required by the FBI.

When FBI space becomes available, before receiving access, SLCPCTF members will be required to undergo a full background investigation and receive and maintain a "Top Secret" security clearance. In addition, SLCPCTF members will also be required to complete the "Questionnaire for Sensitive Positions" and the required fingerprint cards. In the interim, SLCPCTF members will not be allowed unescorted access to FBI space.

Upon departure from the SLCPCTF, each candidate will be given a security debriefing and reminded of the provisions contained in the non-disclosure agreement previously agreed to by the SLCPCTF member.

### 19) LIABILITY

Unless specifically addressed by the terms of this MOU, the parties agree to be responsible for the negligent or wrongful acts or omissions of their respective employees. Legal representation by the United States is determined by DOJ on a case by case basis. The FBI cannot guarantee the United States will provide legal representation to any Federal, state or local law enforcement officer.

Congress has provided that the exclusive remedy for the negligent or wrongful act or omission of an employee of the United States government, acting within the scope of his employment, shall be an action against the Untied States under the Federal Tort Claims Act (FTCA), 28 U.S.C.§ 1346(b), §§ 2671-2680.

For the limited purpose of defending claims arising out of PCTF activity, state or local law enforcement officers who have been specially deputized and who are acting within the course and scope of their official duties and assignments pursuant to this MOU, may be considered an employee" of the United States government as defined in 28 U.S.C. § 2671. See 5 U.S.C. § 3374(c)(2).

Under the Federal Employees Liability Reform and Tort Compensation Act of 1988 (commonly known as the Westfall Act), 28 U.S.C. § 2679(b)(1) the

FOR OFFICIAL USE ONLY

This document is the property of the FBI and is loaned to your agency.

Neither it nor its contents may be released without authorization by FBI Headquarters.

Attorney General or her designee may certify that an individual defendant acted within the scope of his employment at the time of the incident-giving rise to the suit. Id., 28 U.S.C. § 2679(d)(2). The United States can then be substituted for the employee as the sole defendant with respect to any tort claims, 28 U.S.C. § 2679(d)(2). If the United States is substituted as defendant, the individual employee is thereby protected from suits in his official capacity.

If the Attorney General declines to certify that an employee was acting within the scope of employment, "the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of this office or employment." 28 U.S.C. § 2679(d)(3).

Liability for negligent or willful acts of SLCPCTF employees, undertaken outside the terms of this MOU will be the sole responsibility of the respective employee and agency involved.

Liability for violations of federal constitutional law rests with the individual federal agent or officer pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) or pursuant to 42 U.S.C. § 1983 for state and local officers or cross-deputized federal officers.

Both state and federal officers enjoy qualified immunity from suit for constitutional torts insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800 (1982).

SLCPCTF officers may request representation by the U.S. Department of Justice for civil suits against them in their individual capacities for actions taken within the scope of employment. 28 C.F.R §§ 50.15, 50.16.

An employee may be provided representation "when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment and the Attorney General or [her] designee determines that providing representation would otherwise be in the interest of the United States. 28 C.F.R. § 50.15(a).

A SLCPCTF officer's written request for representation should be directed to the Attorney General and provided to the Chief Division Counsel (CDC) of the FBI division coordinating the SLCPCTF. The CDC will then forward the representation request to the FBI's Office of the General Counsel (OGC) together with a Letterhead memorandum concerning the factual basis for the lawsuit. FBI/OGC will then forward the request to the Civil Division of DOJ together with an agency recommendation concerning scope of employment and Department representation. 28 C.F.R. § 50.15(a)(3).

This document is the property of the FBI and is loaned to your agency.

Neither it nor its contents may be released without authorization by FBI Headquarters.

If a SLCPCTF officer is found to be liable for a constitutional tort, he/she may request indemnification from DOJ to satisfy an adverse judgment rendered against the employee in his/her individual capacity. 28 C.F.R. § 50.15(c)(4). The criteria for payment are substantially similar to those used to determine whether a federal employee is entitled to DOJ representation under 28 C.F.R. § 50.15(a).

## 20) DURATION

The term of this MOU is for the duration of the SLCPCTF's operations, contingent upon approval of necessary funding, but may be terminated at any time upon written mutual consent of the agency involved.

Any participating agency may withdraw from the SLCPCTF at any time by written notification to the SSA with designated oversight for investigative and personnel matters or program manager of the SLC PCTF at least 30 days prior to withdrawal.

Upon termination of this MOU, all equipment provided to the SLCPCTF will be returned to the supplying agency/agencies. In addition, when an entity withdraws from the MOU, the entity will return equipment to the supplying agency/agencies. Similarly, remaining agencies will return to a withdrawing agency any unexpended equipment supplied by the withdrawing agency during any SLCPCTF participation.

## 21 MODIFICATIONS

This agreement may be modified at any time by written consent of all involved agencies.

Modifications to this MOU shall have no force and effect unless such modifications are reduced to writing and signed by an authorized representative of each participating agency.

_____  1/13/14
Utah Department of Public Safety    Date

This document is the property of the FBI and is loaned to your agency.

Neither it nor its contents may be released without authorization by FBI Headquarters.

_____          1/13/14
Special Agent in Charge          Date
Salt Lake City Division

FOR OFFICIAL USE ONLY

This document is the property of the FBI and is loaned to your agency.

Neither it nor its contents may be released without authorization by FBI Headquarters.