IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **MARK L. SHURTLEFF, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**SIM GILL, et al.,**<br><br>Defendants, | **MEMORANDUM DECISION AND ORDER GRANTING COUNTY DEFENDANTS AND FEDERAL DEFENDANTS' MOTIONS TO DISMISS**<br><br>Case No. 2:18-cv-445<br><br>Judge Clark Waddoups |

Before the court are motions to dismiss filed by defendants Salt Lake County, Sam Gill, and the Salt Lake County District Attorney Office (the "County Defendants"); and the United States of America, the FBI, the Salt Lake Public Corruption Task Force ("SLPCTF"), Agent Pickens, Agent Isakson, and Agent Nesbitt (the "Federal Defendants" and together with the County Defendants, the "Defendants"). (ECF Nos. 36 and 37). For the reasons stated herein, both motions to dismiss are **GRANTED**.

## BACKGROUND

On June 8, 2018, Plaintiffs Mark Shurtleff, M'Liss Marler Shurtleff, Thomas James Shurtleff, and Adrianna Carolina Shurtleff filed a Complaint (ECF No. 2) against the State of Utah, Utah Department of Public Safety, and Utah State Bureau of Investigation (the "State Defendants"); the County Defendants; and the Federal Defendants, in which they allege that the defendants, individually and in concert, violated their constitutional rights through the investigation, search and seizure, and prosecution of Mark Shurtleff. Specifically, Plaintiffs' Complaint asserted five claims against the defendants: 1) violation of rights under *Bivens v. Six*

*Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); 2) a general 42 U.S.C. § 1983 claim; 3) a § 1983 excessive force claim; 4) a § 1983 malicious prosecution claim; and 5) a § 1983 claim for deliberately indifferent policies.  On July 27, 2018, Plaintiffs filed a First Amend Complaint (ECF No. 3) that reasserted the same five claims but offered significantly more background and allegations in support of the same.[1]

Each of the defendants separately moved to dismiss Plaintiffs' action—the State Defendants filed a motion to dismiss on October 23, 2018 (ECF No. 33), and the County Defendants and Federal Defendants filed motions on November 26, 2018 (ECF Nos. 36 & 37). Each motion was fully briefed, and the court heard arguments on the same on July 10, 2019.  At that hearing, and at the Plaintiffs' concession, the court granted the State Defendants' motion to dismiss, and the State Defendants were thereafter dismissed with prejudice.  (ECF No. 68).[2] Both the County Defendants and Federal Defendants moved to dismiss Plaintiffs' action on the bases that their claims were, among other things, untimely and "non-cognizable based on the doctrines of absolute or qualified immunity."  (*See* ECF No. 36, at 2; ECF No. 37, at 8–20).

At oral argument, the court found that Plaintiffs had failed to meet their burden of establishing that qualified immunity does not bar their claims.  Although the court recognized that this failure provided it with sufficient basis to grant the motions to dismiss, it gave Plaintiffs

---

[1] While the Complaint contained a mere six paragraphs of facts before setting forth its claims, the First Amended Complaint set forth 343 paragraphs of facts and allegations.

[2] This court also dismissed Defendant Scott Nesbitt with prejudice "to the extent that [he] is named in this action as an agent of the United States."  (*See* ECF No. 68.)  At the July 10, 2019 hearing, counsel for the Federal Defendants represented that "there is an agreement that any 1983 claims related to Agent Nesbitt should also be dismissed as he was operating under color of federal law." (ECF No. 77 at 57:6–12).  The court asked Plaintiffs' counsel if he agreed to the dismissal, and he stated "if it is the federal government that's owning [Mr. Nesbitt] we're fine with that."  (Id. at 57:13–18).  Nonetheless, the parties have filed a Joint Motion to Vacate the dismissal of Scott Nesbitt (ECF No. 69) on the basis that "Plaintiff Mark L. Shurtleff advised counsel for all Defendants that it had not been his intention or understanding that any claims against Nesbitt would be dismissed."  Because the court concludes, for the reasons stated herein, that Plaintiffs' action should be dismissed, the parties' Joint Motion to Vacate is moot.

one "last shot" to respond to defendants' arguments and properly plead their case. (*See* ECF No. 77 at 51:11–58:11). To that end, the court granted Plaintiffs leave to file a supplemental response to the defendants' motions to dismiss, which Plaintiffs filed on September 16, 2019. (ECF No. 75). The County Defendants thereafter filed their supplemental reply brief in support of their motion to dismiss on November 15, 2019 (ECF No. 82), and the Federal Defendants filed their corresponding brief on November 18, 2019 (ECF No. 85). The motions to dismiss are therefore fully briefed and argued and are ripe for decision.

## DISCUSSION

Plaintiffs' First Amended Complaint asserts five claims. The first asserts that the Federal Defendants violated Plaintiffs' constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiffs' other four claims arise under 42 U.S.C. § 1983 and are asserted against both the Federal Defendants and the County Defendants. The Defendants have moved to dismiss each claim.

### A. **Plaintiffs' claims against the Salt Lake County District Attorney Office fail.**

The Salt Lake County District Attorney Office is named as one of the County Defendants. Because the Salt Lake County District Attorney Office is not a separate legal entity that is distinct from Salt Lake County, it cannot be sued. *See Gonzalez-Lopez v. Cache Cty. Corr. Facility*, No. 1:10-cv-19, 2010 WL 1071389, at *2 (D. Utah Mar. 22, 2010) ("[S]ubordinate agencies of counties are not separate legal entities with capacity to sue or be sued." (citing *Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir.1992))). As such "the Court construes [Plaintiffs'] claims against [the Salt Lake County District Attorney Office] as claims against [Salt Lake] County itself" and therefore **DISMISSES** Plaintiffs' claims asserted against the Salt Lake County District Attorney Office. *See id.*

3

### B. **Plaintiffs' first claim against defendants the United States of America, the FBI, and the SLPCTF is dismissed.**

Plaintiffs' first claim arises under *Bivens* and is asserted against the Federal Defendants. "*Bivens* was a landmark decision holding that plaintiffs may sue *federal officials* in their individual capacities for damages for Fourth Amendment violations, even in the absence of an express statutory cause of action analogous to 42 U.S.C. § 1983." *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005) (emphasis added). Because such claims only lie against federal officials in their individual capacities, they "cannot be asserted directly against the United States, federal officials in their official capacities or federal agencies." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (citations omitted). As such, Plaintiffs' first claim against the United States of America, the FBI, and the SLPCTF is **DISMISSED**.

### C. **Plaintiffs' second, third, fourth, and fifth claims against the Federal Defendants are dismissed.**

It is unclear whether Plaintiffs' second, third, fourth, and fifth claims, which each arise under 42 U.S.C. § 1983, are asserted against the Federal Defendants. To the extent they are, those claims fail as a matter of law, as § 1983 "applies to actions by state and local entities, not to the federal government." *Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997) (citations omitted). As such, to the extent that Plaintiffs' second, third, fourth, and/or fifth claims are asserted against the Federal Defendants, the same are **DISMISSED**.

### D. **Plaintiffs' second, third, and fourth claims against defendant Salt Lake County are dismissed.**

Plaintiffs' second, third, and fourth claims arise under 42 U.S.C. § 1983 and are premised on allegations that individuals acting on behalf of the Defendants violated their constitutional rights. "The obvious purpose of Congress in the enactment of § 1983 was to provide a remedy to parties deprived of constitutional rights by a state official's abuse of his position while acting

under color of state law." *D.T. by M.T. v. Indep. Sch. Dist. No. 16 of Pawnee Cty., Okl.*, 894 F.2d 1176, 1187 (10th Cir. 1990). While the Supreme Court has recognized § 1983 actions can be brought against "municipalities and other local government units," it expressly ruled that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–94 (1978). Rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* While Plaintiffs' fifth claim is premised on their allegations that they were injured by policies implemented by Salt Lake County, and is therefore permissible under § 1983, their second, third, and fourth claims rely on allegations that they were injured "solely by [the county's] employees or agents." As such, Plaintiffs' second, third, and fourth claims against Salt Lake County fail under § 1983 and are **DISMISSED**.

### E. **Plaintiffs' remaining claims are dismissed under the doctrine of qualified immunity.**

Remaining are Plaintiffs' first claim against defendants Michelle Pickens, Jon Isakson, and Scott Nesbitt; their second, third, and fourth claims against defendant Sim Gill; and their fifth claim against defendant Salt Lake County.[3] These claims are premised on allegations that those defendants violated Plaintiffs' constitutional rights to be free from: unlawful search and seizure; malicious prosecution; and excessive force. Defendants have moved to dismiss these claims and allegations on this basis that they are "non-cognizable based on the doctrines of absolute or qualified immunity." (ECF No. 36, at 2; *see also* ECF No. 37, at 8–20).

---

[3] As discussed above, Plaintiffs' second, third, fourth, and fifth claims, being those asserted under § 1983, are improperly asserted against the Federal Defendants. Nonetheless, the court notes that the analysis provided in this section also applies to, and could be used as an alternative basis to dismiss, those claims to the extent that they are asserted against the Federal Defendants.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). "Qualified immunity not only protects public employees from liability, it also protects them from the burdens of litigation." *Allstate Sweeping, LLC v. Black*, 706 F.3d 1261, 1266 (10th Cir. 2013) (citing *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)). "When a defendant asserts a qualified immunity defense, the burden shifts to the plaintiff" to establish "that the defendant violated a constitutional right" and "that the constitutional right was clearly established." *Cortez v. McCauley*, 478 F.3d 1108, 1114 (10th Cir. 2007) (internal citations omitted). Plaintiffs have failed to meet this burden as to any of the three rights they claim Defendants violated.

### 1. Plaintiffs have failed to show that Defendants violated their right to be free from unreasonable search and seizure.

Plaintiffs allege, as part of their first, second, and fifth claims, that their real and personal property were subjected to unlawful and unreasonable search and seizure in violation of their constitutional rights. Plaintiffs' property was searched and seized pursuant to a warrant issued by Judge Vernice S. Trease of the Third Judicial District Court in Salt Lake County (ECF No. 37-3). That warrant was issued following the submission of an Affidavit for Search Warrant executed by defendant Agent Scott Nesbitt (the "Affidavit"). (ECF No. 37-2). The Supreme Court has noted that "'[s]earches [conducted] pursuant to a warrant will rarely require any deep inquiry into reasonableness,' for 'a warrant issued by a magistrate normally suffices to establish' that a law enforcement officer has 'acted in good faith in conducting the search.'" *United States v. Leon*, 468 U.S. 897, 922 (1984) (quoting *Illinois v. Gates*, 462 U.S. 213, 267 (1983) (WHITE, J., concurring in judgment); *United States v. Ross*, 456 U.S. 798, 823, n. 32 (1982)).

6

Given this presumption, a party faces a significant burden in attempting to show that a search conducted under a warrant was unconstitutional. The primary channel for bringing such a challenge is to attack the affidavit used to procure the warrant. *See Franks v. Delaware*, 438 U.S. 154, 155–56 (1978); s*ee also Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996) ("It is a violation of the Fourth Amendment for an arrest warrant affiant to 'knowingly, or with reckless disregard for the truth,' include false statements in the affidavit." (quoting *Franks,* 438 U.S. at 155–56)). Plaintiffs attempt to make such an attack here. In doing so, they face a second steep hill, as an affidavit supporting a search warrant is presumed to be valid. *Franks,* 438 U.S. at 171. In order to discredit the Affidavit, Plaintiffs must make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [that] the allegedly false statement is necessary to the finding of probable cause . . . ." *Id.* at 155–56. Their challenges to the Affidavit must be "more than conclusory," must offer "allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof," and "should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons." *Id.* at 171.

Ultimately, Plaintiffs must show that absent the allegedly false statements contained in the Affidavit, there was not probable cause to issue the warrant. *See Wolford*, 78 F.3d at 489. Similarly, in regards to any information that Plaintiffs allege was omitted from the Affidavit, Plaintiffs must show that if the information had been included, that there would not have been probable cause for the warrant. *Id.*

Plaintiffs' First Amended Complaint fails to make such a showing.[4]  Defendants assert in their motions to dismiss that because Plaintiffs have failed to show that there was no probable cause to issue the search warrant, they cannot establish that Defendants violated their rights, and that Defendants are therefore protected from Plaintiffs' claims under the doctrine of qualified immunity.  In responding to Defendants' motions, Plaintiffs did little to right their allegations.  As such, at the July 10, 2019, the court recognized that Plaintiffs had failed to complete the required analysis or meet their burden to show their rights were violated, and that "[o]n that basis alone I could grant the motion[s] to dismiss."  (ECF No. 77 at 51:11–16).

But rather than dismiss Plaintiffs' claims, the court gave Plaintiffs' one "last shot" to properly plead their claims.  *Id.* at 54:18–20.  The court then provided a thorough discussion of the analysis Plaintiffs were required to complete, and how they should go about completing it.  Essentially, Plaintiffs were directed to complete three tasks.  First, "[y]ou are going to have to take the affidavit, paragraph by paragraph, tell me what in it that you believe is false why you believe it is false and why you believe that the affiants knew it was false at the time."  *Id.* at 52:2–22.  Second, "you are going to have to go through each of the omissions and tell me why based on those omissions you believe that if they had been included the affidavit would not have sustained a probable cause finding by Judge Trease."  *Id.*  And third, "finally, you're going to have to go through the remaining paragraphs and tell me even if I exclude all of the paragraphs that you contend are false, and even if I consider the omissions, there would not be sufficient remaining information in the affidavit to support probable cause.  *Id.*

---

[4] Indeed, Plaintiffs' First Amended Complaint neither quotes from, nor incorporates, the Affidavit. However, because the First Amended Complaint continually, albeit abstractly, attacks the Affidavit, the court can review it without converting Defendants' motions to dismiss into motions for summary judgment.  *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (noting that "'the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" (quotations omitted)).

Unfortunately, Plaintiffs did not follow the court's instruction in preparing their Revised Memorandum in Opposition to Motions to Dismiss (the "Revised Brief"). (ECF No. 75). While the Revised Brief attempts the first task, as it "take[s] the affidavit, paragraph by paragraph" and "tell[s] what in it that [Plaintiffs] believe is false,"[5] and, to some extent, states "why [they] believe it is false and why [they] believe that the affiants knew it was false at the time," it ignores the court's second and third directives and fails to address the impact that excluding the allegedly untrue information, or including the allegedly omitted information, would have had on Judge Trease's finding of probable cause. Such proof is required to show that Plaintiffs' constitutional right to be free from unreasonable search and seizure were violated, and Plaintiffs' failure to establish such a violation warrants dismissal under the doctrine of qualified immunity. *See Franks*, 438 U.S. at 155–56 (requiring a challenging party to show that "the allegedly false statement[s] [were] necessary to the finding of probable cause . . . ."). As such, Plaintiffs' claims that Defendants violated their right to be free from unreasonable search and seizure are **DISMISSED**.

### 2. Plaintiffs have failed to show that Defendants violated their right to be free from excessive force.

Next, Plaintiffs allege, as part of their first, second, third, and fifth claims, that Defendants violated their constitutional right to be free from excessive force. Specifically, Plaintiffs allege that Defendants' execution of the search warrant while "wielding deadly force, wearing body armor, and with drawn firearms including assault rifles and other automatic and semi-automatic weapons" constituted unconstitutional excessive force. (ECF No. 4 at ¶ 79, Amend. Compl.). Defendants move to dismiss these claims on this basis that they are immune

---

[5] In the Revised Brief, Plaintiffs address 37 of the 178 paragraphs contained in the Affidavit but only offer substantive allegations as to eight of those paragraphs. (*See* ECF No. 82 at 3 and 3, n. 1). Plaintiffs do not address whether the remaining 141 paragraphs of the Affidavit support probable cause.

from the same under the doctrine of qualified immunity.

While it is clear that Plaintiffs have a constitutional right to be free from excessive force, they have failed to establish that the Defendants violated that right. While the Tenth Circuit has recognized that "'Fourth Amendment scrutiny extends . . . to the decision to employ a SWAT team to make an arrest . . . and to conduct a search of a residence,'" it has determined that "such a decision was not unreasonable unless the decisionmakers knew 'that the SWAT team would use excessive force, intending to cause harm to any person, or . . . instructed the SWAT team to use excessive force while conducting the . . . raid." *Whitewater v. Goss*, 192 F. App'x 794, 797–98 (10th Cir. 2006) (quoting *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1189–91 (10th Cir. 2001). Plaintiffs have failed to plead any facts or allegations to show that Defendants actually caused harm to any person through using excessive force or that they were told to use excessive force. Instead, their claim rests on a theory that Defendants' use of a SWAT team in and of itself amounts to excessive force. This is not the standard in the Tenth Circuit. *See Santistevan v. City of Colorado Springs*, 983 F. Supp. 2d 1295, 1319 (D. Colo. 2013) ("The Court is aware of, and Plaintiff cites, no cases in which the Tenth Circuit has found that the deployment of a SWAT team to execute a search warrant amounted to excessive force."). As such, Plaintiffs have failed to show that Defendants violated their constitutional right to be free from excessive force, and those claims are therefore **DISMISSED** under the doctrine of qualified immunity.[6]

### 3. Plaintiffs have failed to show that Defendants violated their right to be free from malicious prosecution.

Finally, Plaintiffs allege, as part of their first, second, fourth, and fifth claims, that

---

[6] Plaintiffs may have a legitimate concern about how the warrant was executed under the particular facts of this case, but the exercise of bad judgment does not support a constitutional claim of excessive force.

Defendants violated Plaintiff Mark Shurtleff's constitutional right to be free from malicious prosecution. Defendants again move to dismiss these claims on this basis that they are immune from the same.

"To state a § 1983 claim for malicious prosecution, a plaintiff must show: '(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages.'" *Montoya v. Vigil*, 898 F.3d 1056, 1066 (10th Cir. 2018) (quoting *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008)).

Mr. Shurtleff was arrested pursuant to an arrest warrant issued by Judge Vernice S. Trease of the Third Judicial District Court in Salt Lake County (ECF No. 37-5). That warrant was issued following the submission of an Information executed by defendants Agent Nesbitt and Agent Isakson (the "Information"). (ECF No. 37-4). Because Mr. Shurtleff was arrested pursuant to a warrant, as a matter of law, there was probable cause to support his arrest, and as such, Plaintiffs cannot establish the third element of their claim for malicious prosecution unless they first attack the Information on which the warrant was based. The standard Plaintiffs must meet for such an attack is the same as they were required, and failed, to meet in attacking the Affidavit supporting the search warrant—they must make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [that] the allegedly false statement is necessary to the finding of probable cause . . . ." *Franks,* 438 U.S. at 155–56.

Plaintiffs' Revised Brief focuses exclusively on the Affidavit and does not address, or attack, the Information at all. As such, Plaintiffs cannot prove that Mr. Shurtleff was arrested

without probable cause, and consequently, cannot prove that Defendants violated his right to be free from malicious prosecution.  Defendants are therefore immune from Plaintiffs' claims of malicious prosecution, and the same are **DISMISSED**.

## CONCLUSION

In responding to Defendants' motions to dismiss, Plaintiffs failed to meet their burden of establishing that Defendants were not immune from their claims.  Instead of dismissing their action, the court gave Plaintiffs a "last shot" to show that their claims could survive qualified immunity.  Plaintiffs did not take advantage of this last shot.  As such, the motions to dismiss filed by the County Defendants (ECF No. 36) and the Federal Defendants (ECF No. 37) are **HEREBY GRANTED**, and Plaintiffs' action is **HEREBY DISMISSED WITH PREJUDICE**.  Pursuant to this order, the parties' Joint Motion to Vacate the dismissal of Scott Nesbitt (ECF No. 69) is **HEREBY DENIED AS MOOT.**

DATED this 12th day of December, 2019.

BY THE COURT:

_/s/ Clark Waddoups_
Clark Waddoups
United States District Judge